**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---

|  |  |  |
|---|---|---|
| | : | |
| VINCENT WHITELEY, | : | **Hon. Renée Marie Bumb** |
| | : | |
| Petitioner, | : | Civil Action No. 07-2382 (RMB) |
| | : | |
| v. | : | |
| | : | |
| ATTORNEY GENERAL OF STATE OF | : | **OPINION** |
| CONNECTICUT, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

---

**APPEARANCES:**

> VINCENT WHITELEY, #83147-054
> F.C.I. Fort Dix
> P.O. Box 7000
> Fort Dix, New Jersey  08640
> Petitioner Pro Se

**BUMB**, District Judge:

Petitioner Vincent Whiteley, who is presently confined at the Federal Correctional Institution at Fort Dix, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging a detainer lodged by the State of Connecticut in the form of an arrest warrant.  For the reasons expressed below, this Court will dismiss the Petition, without prejudice to the filing of a petition pursuant to 28 U.S.C. § 2254 in the appropriate district court after Petitioner exhausts remedies available in the courts of the State of Connecticut.

### I.   BACKGROUND

Petitioner is currently confined at FCI Fort Dix and serving a federal sentence of 96 months, imposed on June 13, 2001, by the United States District Court for the District of Connecticut. See United States v. Whiteley, Crim. No. 00-0115 -JCH-1 judgment of conv. (D. Ct. June 13, 2001).  Petitioner's projected release date is July 24, 2007.  Petitioner brings this action as a motion to vacate the Order dismissing Petitioner's first § 2241 petition ("First Petition") for lack of jurisdiction, see Whiteley v. Attorney General of Connecticut, Civil No. 06-4866 order (RMB) (D.N.J. January 11, 2007), or as a new Petition.[1]

In the First Petition, Petitioner claimed that the pendency of certain Connecticut criminal charges violated Due Process, Equal Protection and his right to a speedy trial.  Petitioner sought an order dismissing the charges with prejudice and enjoining the Bureau of Prisons from utilizing those charges. This Court dismissed the First Petition for lack of jurisdiction on January 11, 2007, on the ground that Petitioner was not in custody on the Connecticut charges, since Connecticut had not lodged a detainer or otherwise expressed an intention to take future custody of Petitioner.

---

[1] Given that the facts have changed since the filing of the First Petition, this Court will entertain the matter as a new petition under 28 U.S.C. § 2241.

Petitioner asserts in the Petition now before this Court that on March 22, 2007, the State of Connecticut lodged a detainer against him on a pending criminal charge.  He asks this Court to grant a Writ of Habeas Corpus directing dismissal of the detainer and accompanying arrest warrant on the following grounds:  (1) Connecticut violated Due Process and Equal Protection by failing to comply with Connecticut General Statute § 54-142, which requires a criminal charge to be nolled whenever the charge has been continued at the request of the prosecution and 13 months has elapsed without action; (2) Connecticut violated Petitioner's rights to a Speedy Trial and Due Process by failing to lodge a detainer and bring him to trial; (3) Connecticut deprived him of his rights under the Interstate Agreement on Detainers Act ("IADA") by failing to lodge the detainer until March 22, 2007, which is only 124 days before his projected release date of July 24, 2007; and (4) FCI Fort Dix violated his rights under the IADA by treating a faxed arrest warrant as a detainer.  (Pet. at pp. 3-8.)  For relief, Petitioner seeks "dismissal of the Connecticut detainer and an Order directing the Federal Bureau of Prisons and the Warden of FCI Fort Dix to strike the [detainer] and to be enjoined form utilizing the same to negatively impact myself or my custody and release status."  (Pet. at p. 8.)

3

## II.   DISCUSSION

A.   Standard of Review

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994); United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b) (amended Dec. 1, 2004).

Section 2241 provides in relevant part:

> (c) The writ of habeas corpus shall not
> extend to a prisoner unless – . . . . He is in
> custody in violation of the Constitution or
> laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Jurisdiction to issue a writ of habeas corpus before a judgment of conviction is rendered in a state criminal proceeding lies under 28 U.S.C. § 2241(c)(3).  See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Moore v. DeYoung, 515 F.2d 437, 442, 443 (3d Cir. 1975); Triano v. Superior Court of New Jersey, Law Div., 393 F. Supp. 1061, 1065 (D.N.J. 1975), aff'd 523 F.2d 1052 (3d Cir. 1975) (table).

To invoke habeas corpus review under § 2241, the petitioner must satisfy two jurisdictional requirements:  the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).  Although Petitioner may now be sufficiently "in custody" to attack the Connecticut charges, given the lodging of the detainer on March 22, 2007, see Maleng, 490 U.S. at 490; Braden, 410 U.S. 484 (1973), it is clear that habeas relief is not warranted.

B.   Exhaustion of State Court Remedies

Section 2241 petitioners are not statutorily required to exhaust state court remedies, but "an exhaustion requirement has developed through decisional law, applying principles of federalism."  Moore v. DeYoung, 515 F.2d 437, 442 (3d Cir. 1975). Accordingly, "a habeas petitioner seeking . . . to bar prosecution of a charge upon which an out-of-state detainer is based, must exhaust the remedies of the state where the charge is pending."  Mokone v. Fenton, 710 F. 2d 998, 1002 (3d Cir. 1983)[2]

_____

[2] In Mokone v. Fenton, 710 F. 2d 998 (3d Cir. 1983), the Court of Appeals held that a habeas petitioner challenging an out-of-state conviction detainer on the basis of an alleged

5

(citing <u>United States ex rel. Jennings v. Pennsylvania</u>, 429 F. 2d 522, 523-24 (3d Cir. 1970); <u>Grant v. Hogan</u>, 505 F. 2d 1220, 1223 (3d Cir. 1974)).

For example, in <u>Moore v. DeYoung</u>, 515 F. 2d 437, a New Jersey pre-trial detainee filed a habeas petition in this Court asserting denial of the right to a speedy trial and seeking discharge from custody and an injunction against New Jersey criminal proceedings.  This Court granted pre-trial habeas relief, and the Court of Appeals for the Third Circuit reversed on the grounds that the petitioner had not exhausted the merits of his speedy trial claim before the New Jersey courts, and the alleged denial of a speedy trial is not an extraordinary circumstance warranting pre-trial habeas relief.  <u>See</u> <u>Moore</u>, 515F. 2d at 447.  As to exhaustion, the Court of Appeals found that

> Moore did not exhaust his state court
> remedies prior to application for federal
> habeas corpus relief.  This issue is still
> available to Moore as an affirmative defense
> at trial and thereafter, on appellate review.
> Indeed, the trial court expressly recognized
> that additional evidence as to prejudice on
> the issue of delay could be adduced at trial.

<u>Id.</u> at 445.

---

violation of the speedy trial provision of the Interstate
Agreement on Detainers must exhaust remedies available in the
courts of the state that issued the contested judgment of
conviction before invoking federal habeas relief.

The Court of Appeals expressly rejected the petitioner's argument that the constitutional right to a speedy trial is an extraordinary circumstance which bars not only a conviction for the underlying offense but a trial for that offense.  Id. at 446.

> From the premise that he has a right not to stand trial, Moore proceeds to the conclusion that, to avoid the threatening state trial, there must be some pre-trial forum . . . available to test the merits of his constitutional claim.  Otherwise, he argues, he would be required to undergo the rigors of trial to vindicate his claim that the state court can no longer bring him to trial . . . .
>
> We are not prepared to hold that . . . the alleged denial of Moores' right to a speedy trial, constitutes such "extraordinary circumstances" as to require federal intervention prior to exhaustion of state court remedies.  We perceive nothing in the nature of the speedy trial right to qualify it as a per se "extraordinary circumstance." We know of no authority, either pre-or post-Braden, supra, that excepts or singles out the constitutional issue of speedy trial as an extraordinary circumstance sufficient to dispense with the exhaustion requirement.

Id. at 446.

The Court of Appeals accordingly reversed the order granting pre-trial habeas relief to Moore.  "Moore having failed to exhaust his state remedies on the merits and having failed to present an "extraordinary circumstance" which would warrant pre-trial, pre-exhaustion habeas corpus relief, we conclude that the district court erred as a matter of law in granting Moore's petition."  Id. at 447 (footnote omitted).

In Ground One, Petitioner asserts that Connecticut violated
his Due Process and Equal Protection rights under the Fourteenth
Amendment by failing to comply with Connecticut General Statute §
54-142(a) which provides, in relevant part:  "Whenever any charge
in a criminal case has been continued at the request of the
prosecuting attorney, and a period of thirteen months has elapsed
since the granting of such continuance during which period there
has been no prosecution or other disposition of the matter, the
charge shall be construed to have been nolled as of the date of
termination of such thirteen-month period and such erasure may
thereafter be effected or a petition filed therefor, as the case
may be, as provided in this subsection for nolled cases."  Conn.
Gen Stat. Ann. § 54-142a.  A state court's misapplication of its
own law does not generally raise a constitutional claim.  See
Smith v. Horn, 120 F. 3d 400, 414 (3d Cir. 1997).  "However, when
that misapplication has the effect of depriving a person of life,
liberty, or property without due process of law in violation of
the Fourteenth Amendment, the resulting federal constitutional
error can be corrected by a federal habeas court."  Id.

In Ground Two, Petitioner asserts that Connecticut violated
his Speedy Trial rights by failing to bring him to trial in a
timely manner.  The Sixth Amendment of the United States
Constitution, applicable to states through the Fourteenth
Amendment, provides:  "In all criminal prosecutions, the accused

8

shall enjoy the right to a speedy and public trial . . ."  U.S.

Const. amend. VI.  However, the Speedy Trial Clause "does not,

either on its face or according to the decisions of this Court,

encompass a 'right not to be tried' which must be upheld prior to

trial if it is to be enjoyed at all."  United States v.

MacDonald, 435 U.S. 850, 861 (1978).

     This Court need not determine whether Connecticut violated

the Fourteenth Amendment or Speedy Trial Clause because

Petitioner has not exhausted these claims before the Connecticut

courts.  Petitioner asserts that he requested final disposition

of the Connecticut charges and filed a motion to dismiss the

indictment in the Superior Court, but he did not exhaust the

merits of his speedy trial and Due Process claims before the

Connecticut Appellate Court or the Connecticut Supreme Court.  As

the Court of Appeals explained,

> Petitioner . . . will have an opportunity to
> raise his claimed denial of the right to a
> speedy trial during his state trial and in
> any subsequent appellate proceedings in the
> state courts.  Once he has exhausted state
> court remedies, the federal courts will, of
> course, be open to him, if need be, to
> entertain any petition for habeas corpus
> relief which may be presented.  These
> procedures amply serve to protect
> [Petitioner]'s constitutional rights without
> pre-trial federal intervention in the orderly
> functioning of state criminal processes.

Moore, 515 F.2d at 449; see also United States v. Castor, 937

F.2d 293, 296-297 (7th Cir. 1991); Dickerson v. State of

<u>Louisiana</u>, 816 F.2d 220, 225-227 (5th Cir. 1987); <u>Atkins v. State</u>

<u>of Michigan</u>, 644 F.2d 543, 545-547 (6th Cir. 1981); <u>Carden v.</u>

<u>State of Montana</u>, 626 F.2d 82 (9th Cir. 1980).

Because Petitioner failed to exhaust Grounds One and Two

before the Connecticut courts, habeas relief is not warranted

under § 2241 on these grounds.

C.  <u>Violation of Interstate Agreement on Detainers</u>

In Ground Three, Petitioner claims that Respondents violated

the IADA by failing to lodge the detainer until March 22, 2007,

which is 124 days before his projected release date.  Although

the IADA is a congressionally sanctioned interstate compact

within Art. I, § 10, of the United States Constitution which

presents a federal claim within the meaning of 28 U.S.C. § 2241,

see <u>Carchman v. Nash</u>, 473 U.S. 716, 719 (1985); <u>Cuyler v. Adams</u>,

449 U.S. 433, 438-42 (1981).  Nothing in the IADA requires a

state to lodge a detainer on pending charges, as Petitioner

alleges.[3]  <u>United States v. Mauro</u>, 436 U.S. 340, 359 (1978).

---

[3] Article III provides that, "[w]henever . . . there is
pending in any other party State any untried indictment,
information, or complaint on the basis of which a detainer has
been lodged against the prisoner, he shall be brought to trial
within one hundred and eighty days after he shall have caused to
be delivered to the prosecuting officer and the appropriate court
of the prosecuting officer's jurisdiction written notice of the
place of his imprisonment and his request for a final disposition
to be made of the indictment, information, or complaint . . ."
18 U.S.C.A. App. 2 § 2 Art. III(a).  Article IV(c) of the IADA
requires dismissal of the charges in the event that an action is
not brought to trial within 180 days of the prosecutor and
court's receipt of the request for final disposition.  <u>See</u> 18

Moreover, because no detainer was ever filed, the IADA was inapplicable, and, thus, Ground Three fails.  Mauro, id. at 361. ("Because . . . the Government never filed a detainer against Mauro and Fusco, the [Interstate] Agreement [on Detainers] never became applicable and the United States was never bound by its provisions").

D.   Effects of Detainer.

    Likewise, Ground Four does not warrant habeas relief. Although this Court has jurisdiction to issue an order to the Warden of FCI Fort Dix directing that Petitioner not be held subject to the faxed detainer, see Nelson v. George, 399 U.S. 224, 229-230 (1970); Grant v. Hogan, 505 F.2d 1220, 1223 n.5 (3d Cir. 1974); U.S. ex rel. Jennings v. State of Pa., 429 F.2d 522, 524 n.4 (3d Cir. 1970), it is clear that such relief should not be granted because Petitioner failed to exhaust this claim before the Bureau of Prisons.

    A federal prisoner seeking habeas corpus relief from the adverse effects given a detainer by federal prison officials must first exhaust his federal administrative remedies before pursuing habeas corpus relief under § 2241.  See Grant, 505 F.2d at 1223 n.5.  Petitioner's challenge to the effects of the Connecticut detainer must be dismissed because it is clear from the face of the Petition that Petitioner has not exhausted his federal

─────────────────────────

U.S.C.A. App. 2 § 2 Art. IV(c).

administrative remedies.  Accordingly, to the extent that Petitioner seeks to challenge the BOP's treatment of the faxed warrant as a detainer, he must exhaust this claim before the BOP before presenting it under § 2241.

### III.  CONCLUSION

Based on the foregoing, this Court will dismiss the Petition without prejudice.


s/Renée Marie Bumb
**RENÉE MARIE BUMB**
United States District Judge

Dated: June 29, 2007